# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| TIMOTHY HEADRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1669-JAR |
| | ) |
| DALE GLASS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Timothy Headrick, an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will waive the filing fee at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates he was formerly employed in the kitchen of the jail, earning approximately $20.00 per week. However, plaintiff's account statement indicates plaintiff has not been receiving this income since April 2018, and has no current source of income. For this reason, the Court will waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). However, plaintiff is not excused from paying the filing fee. The agency having custody of plaintiff will be directed to begin forwarding payments from plaintiff's inmate account, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging defendants violated his constitutional rights by failing to protect him while he was confined in the St. Louis City Justice Center. He alleges this failure to protect was in retaliation for plaintiff exercising his right to file grievances. Named as defendants are the following officers of the St. Louis City Justice Center: Dale Glass, Commissioner; Adrian Barnes, Superintendent; Unknown Ytae, Correctional Officer ("CO"); Unknown Hopgood, CO; Unknown Fowlkes, Lieutenant; and Unknown Felitabain, CO. All defendants are named in their individual and official capacities.

Plaintiff states that on April 20, 2018, he broke his ankle and was placed in a full-length leg case. He used crutches for mobility. Plaintiff states that shortly thereafter, on May 11, 2018, during a shakedown of his cell, CO Tillery "informed my cellmate [Dmarco Reynolds] that he would release him early if he attacked me on second shift." Plaintiff states that on the second shift, plaintiff was placed in handcuffs by CO Hopgood inside the housing unit 5-B recreation room. Plaintiff states CO Hopgood did this at the direction of Lieutenant Fowlkes. After recreation time, plaintiff returned to his cell with his cellmate, and CO Ytae removed plaintiff's cellmate's handcuffs, but did not remove plaintiff's handcuffs. CO Ytae told plaintiff he would be back, presumably to remove plaintiff's handcuffs, but Ytae never returned.

Plaintiff states that approximately eight to ten hours after he was placed in handcuffs inside his cell, again wearing a full-length leg cast and using crutches, he attempted to use the toilet. Because he was still handcuffed, he fell to the ground, and plaintiff's cellmate declared a

- 3 -

medical emergency. Corizon medical staff responded to the call, opened plaintiff's cell, and asked the COs why plaintiff was handcuffed. The COs did not respond as to why plaintiff was handcuffed inside his cell for more than eight hours. After plaintiff's handcuffs were removed, he alleges medical staff took pictures of his swollen, cold, and tingling wrists.

Plaintiff alleges defendants handcuffed him inside his cell to retaliate against him for submitting prior grievances. "I was just brutally beaten in general population by my cellmate and these officers deliberately placed me in the cell with another [cellmate] and left me even more vulnerable intentionally with handcuffs, with no regard for my safety and security. This shift plotted [for] this to happen and thought my cellmate would comply with demands to assault me."

For relief, plaintiff seeks compensatory and punitive damages in excess of one million dollars.

**Discussion**

To succeed on his § 1983 retaliation claim, plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004), *cert. denied*, 546 U.S. 860 (2005). Here, plaintiff alleges that in retaliation for filing prior grievances, defendants Hopgood, Fowlkes, and Ytae purposefully left him handcuffed and defenseless in his cell while CO Tillery promised plaintiff's cellmate an early release if he would attack plaintiff.[1] The Court finds plaintiff has stated a plausible claim of retaliation against defendants Hopgood, Fowlkes, and Ytae, and will issue process on these defendants.

---

[1] For reasons unknown to the Court, plaintiff has not named CO Tillery as a defendant in this action.

To the extent plaintiff alleges defendants failed to protect him, the Eighth Amendment requires officials to "provide humane conditions of confinement" by taking reasonable steps to protect inmates convicted of crimes from assault by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To prove unconstitutional failure to protect from harm, plaintiff must show an objectively, sufficiently serious deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, and that the defendant was deliberately indifferent to the substantial risk of serious harm. *Id.* at 834. Here, plaintiff's allegations state a plausible claim for failure to protect. Although plaintiff's cellmate ultimately did not attack plaintiff, the Court finds plaintiff has alleged he was imprisoned under conditions posing a substantial risk of serious harm, and defendants Ytae, Hopgood, and Fowlkes were deliberately indifferent to this risk of harm.

As to the remaining defendants, plaintiff has stated no factual allegations against defendants Dale Glass, Adrian Barnes, and Unknown Felitabain. Plaintiff does not allege that defendants Glass, Barnes, and Felitabain were causally linked to, or that they bore any personal responsibility for his alleged constitutional deprivations. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Because plaintiff has made no allegations that defendants Glass, Barnes, and Felitabain were personally involved in or caused any violations of his rights, the Court will dismiss these defendants without prejudice under 28 U.S.C. § 1915(e).

Finally, plaintiff has filed a motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous

allegations; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Although plaintiff has presented non-frivolous claims, the Court finds the facts and legal issues involved in his case are not so complicated that the appointment of counsel is warranted at this time. The Court will deny without prejudice plaintiff's motion to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2] Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend, which the Court construes as a motion to correct the docket, is **GRANTED**. [ECF No. 3] The Clerk of Court shall correct the docket sheet and replace defendant "Unknown Chae" with defendant "Unknown Ytae."

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendants Correctional Officers Unknown Ytae and Unknown Hopgood and Lieutenant Unknown Fowlkes pursuant to the Waiver of Service

Agreement between the United States District Court for the Eastern District of Missouri and the City Counselor.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff's complaint against defendants Dale Glass, Adrian Barnes, and Unknown Felitabain is **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 1st Day of February, 2019.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE