UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY HEADRICK, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-1669-JAR |
| KINGSLEY WAATE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Kingsley Waate, Paul Hopgood, and Javon Fowlkes' motion to dismiss plaintiff's official capacity claims.[1] For the following reasons, the motion will be granted.

### Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims "which are fatally flawed in their legal premises ... thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the United States Supreme Court reiterated in *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] In their motion, defendants provide their first names and correct the spelling of their last names. The Court will correct the docket sheet to reflect defendants are Kingsley Waate, Paul Hopgood, and Javon Fowlkes.

677-78 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.

## Discussion

Defendants, correctional officers at the St. Louis City Justice Center, move to dismiss plaintiff's claims brought against them in their official capacities. As defendants correctly state, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the City of St. Louis. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 690-91 (1978).

Plaintiff's complaint does not contain any allegations that a policy or custom of a the City of St. Louis was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss plaintiff's claims brought against them in their official capacities is **GRANTED**. [ECF No 17]

**IT IS FURTHER ORDERED** that the Clerk of Court shall correct the docket sheet to reflect the names of defendants as follows: Kingsley Waate (not "Ytae" as stated in plaintiff's complaint), Paul Hopgood, and Javon Fowlkes.

**IT IS FURTHER ORDERED** that plaintiff's motion to inquire as to service of defendants is **DENIED as moot**. [ECF No. 20]

2

A separate Order of Partial Dismissal and a separate Case Management Order will issue with this Memorandum and Order.

Dated this 6th day of March, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE